IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DANTE HAYWARD,

    Plaintiff,

v.

MIKE KILE, Sheriff; KEN KELLY;
MARTY MARTINEZ; KAT GRIFFIN;
JASON GARLAND; and TREVIN
MOORE;

    Defendants.

CIVIL ACTION NO.: CV607-068

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Dante Hayward ("Plaintiff"), who was formerly incarcerated at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. Defendants Jason Garland and Trevin Moore ("Movants") filed a Motion for Summary Judgment. Plaintiff filed a Motion to Deny Movants' Motion for Summary Judgment, and Movants filed a Reply. Plaintiff filed a Surreply. For the reasons which follow, Movants' Motion should be **GRANTED**. For these same reasons, Plaintiff's Motion should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff contends he was subjected to an excessive use of force during his arrest on November 6, 2005. Specifically, Plaintiff asserts Defendants Jason Garland and Trevin Moore of the Sylvania Police Department, as well as two (2) officers from the Screven County Sheriff's Department, entered the motel room where he and some friends were sitting. Plaintiff asserts the officers drew their guns and ordered him to get

on his knees and place his hands on his head. According to Plaintiff, he immediately complied with these orders, but the officers assaulted him and tased him more than ten (10) times. Movants assert Plaintiff's excessive force claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994), as well as collateral estoppel and issue preclusion. Movants also assert they are entitled to summary judgment based on the doctrine of qualified immunity.

## STANDARD OF REVIEW

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no

genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

### Excessive Force During Arrest

Movants contend Plaintiff's excessive use of force claim is barred because he pled guilty to the obstruction charges stemming from his November 2005 arrest. Movants state that Plaintiff's excessive force claims are intertwined with his convictions for obstruction and thus, are barred by Heck. Movants assert that Plaintiff does not claim that the officers used an excessive amount of force after he stopped resisting arrest or that the officers used excessive and unreasonable force to stop his resistance. Rather, Movants assert, Plaintiff claims he complied with the officers' orders and that force was used against him for no reason. Movants assert that Plaintiff's allegations "directly and explicitly contradict his criminal conviction for obstruction." (Doc. No. 43-3, p. 11).

Plaintiff asserts[1] that his excessive use of force claim is not barred by Heck and allowing him to proceed will not demonstrate the invalidity of any outstanding criminal

---

[1] In his Motion to Deny Movants' Motion for Summary Judgment, Plaintiff incorporated by reference his Brief and the evidence used in support of his Motion to Deny the motion for Summary Judgment filed by Defendants Kile, Kelly, Martinez, and Griffin. (Doc. No. 53, p. 1).

judgment against him. Plaintiff contends that his use of force claim is separate from his obstruction conviction because he only pled "guilty to the time, not the crime" and never admitted he obstructed or resisted officers. (Doc. No. 55, p. 13). Plaintiff also contends that, even if he were challenging his conviction, it would not negate the fact that Movants used an excessive amount of force against him. Plaintiff alleges that Movants used an excessive amount of force before his arrest and that he did not resist or obstruct them in any way.

The Supreme Court has held:

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). According to the Heck Court, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487. If this is the case, the plaintiff's complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. A district court must determine whether "plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Id. (emphasis in original).

Plaintiff pleaded guilty in the Screven County Superior Court to two (2) counts of felony obstructing a police officer, in violation of Official Code of Georgia Annotated, Section 16-10-24(b). (Doc. No. 37-3, p. 2). This statute provides:

> Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer, prison guard, correctional officer, probation supervisor, parole supervisor, or conservation ranger in the lawful discharge of his official duties by offering or doing violence to the person of such officer or legally authorized person is guilty of a felony and shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years.

In pleading guilty to the obstruction charges, Plaintiff indicated he understood, *inter alia*, the charges against him and that he was presumed to be innocent of the charges until proven guilty. (Doc. No. 37-3, p. 2). Plaintiff waived his rights and voluntarily pleaded guilty to these felony obstruction charges.

Defendant Moore states in his Affidavit that Screven County Sheriff's deputies and officers with the Sylvania Police Department coordinated efforts to carry out an arrest warrant for Plaintiff based on a domestic violence charge. Defendant Moore also states he believed Plaintiff was wanted by the Georgia Bureau of Investigations for questioning related to an armed robbery. Defendant Moore asserts that he and the other officers arrived at the Village Green Motel in Sylvania, Georgia, and entered the room in which Plaintiff was. Defendant Moore states Defendant Marty Martinez was trying to handcuff Plaintiff, but Plaintiff jerked away and tried to escape through the open doorway. (Doc. No. 40, p. 3). Defendant Moore contends that Defendant Garland grabbed Plaintiff to prevent his escape attempt, and Plaintiff began to resist the officers in a more aggressive manner. According to Defendant Moore, Plaintiff kicked Defendant Ken Kelly in the chest and thighs and knocked Defendant Kelly to the

ground. Defendant Moore asserts he grabbed Plaintiff to try to restrain him and followed Plaintiff to the ground as he fell forward. Defendant Moore also asserts that Defendant Kelly told the officers that it looked like Plaintiff was trying to reach something under the bed, and he and Defendant Garland tried to prevent Plaintiff from reaching under the bed. Based on the belief that there was a gun under the bed and that Plaintiff was trying to reach the gun, Defendant Moore asserts he used O.C. spray on Plaintiff, which only contacted Plaintiff's hair. (Id.) Defendant Moore states that Defendant Martinez tried to tase Plaintiff, but only one prong hit Plaintiff and the other prong hit him. Defendant Moore alleges that Plaintiff was aggressively fighting and reaching under the bed until Defendant Garland was able to get Plaintiff to lie flat on his stomach. (Id.; see also id. at 6).

In his Affidavit, Defendant Garland asserts Screven County Sheriff's deputies and officers with the Sylvania Police Department coordinated efforts to carry out an arrest warrant for Plaintiff based on a domestic violence charge. Defendant Garland states he believed Plaintiff was wanted by the Georgia Bureau of Investigations for questioning related to an armed robbery. Defendant Garland asserts that he and the other officers arrived at the Village Green Motel in Sylvania, Georgia, and entered the room in which Plaintiff was. Defendant Garland states Defendant Marty Martinez was trying to handcuff Plaintiff, but Plaintiff jerked away and tried to escape through the open doorway. (Doc. No. 42, p. 3). Defendant Garland asserts that he grabbed Plaintiff to prevent his escape attempt, and Plaintiff began to resist the officers in a more aggressive manner. According to Defendant Garland, Plaintiff kicked Defendant Ken Kelly in the chest and thighs and knocked Defendant Kelly to the ground. Defendant

Garland asserts that Defendant Moore grabbed Plaintiff to try to restrain him and followed Plaintiff to the ground as he fell forward. Defendant Garland also asserts that Plaintiff was trying to reach something under the bed, and he and Defendant Moore tried to prevent Plaintiff from reaching under the bed. Based on the belief that there was a gun under the bed and that Plaintiff was trying to reach the gun, Defendant Garland states that Defendant Martinez tried to tase Plaintiff; however, only one prong hit Plaintiff and the other prong hit Defendant Moore. Defendant Garland contends he used his asp baton on Plaintiff, striking his ribs and legs, in an attempt to prevent Plaintiff from reaching for what was discovered to be a handgun under the bed and to get Plaintiff to lie flat on the ground. (Id.).

Plaintiff states in his Affidavit[2] that he was in the restroom when the police officers entered the motel room. According to Plaintiff, Defendant Martinez pointed his gun at him and ordered him to place his hands behind his head, and Plaintiff complied with this command. Plaintiff asserts he kneeled down while his hands were behind his head, but the officers still had their guns pointed at him. Plaintiff also asserts that Defendant Moore pushed him forward, and Plaintiff braced himself with his hands to avoid falling too hard onto the floor. Plaintiff contends Defendant Moore then forced his knee in Plaintiff's back and told Plaintiff to put his hands behind his back. Plaintiff alleges he complied with this order. However, Plaintiff alleges, Defendant Garland started hitting him with an asp baton, even though Plaintiff asserts he was lying on his chest with his hands cuffed behind his back. Plaintiff alleges that Defendant Kelly tased him at least three (3) times and that Defendant Martinez started tasing him as well.

---

[2] The version of events Plaintiff provided the Court in his Affidavit largely is the same as that he provided during his deposition. Thus, the undersigned will not recount Plaintiff's deposition testimony in this regard.

Plaintiff also alleges Defendant Moore sprayed him in the face with mace and that he kept getting tased, even though he was unable to move. Plaintiff states that the officers kept tasing him until another person in the motel room hollered at the officers to stop before they killed Plaintiff. (Doc. No. 55-2, pp. 3-7).

During his deposition, Plaintiff and counsel for the Screven County Defendants, Garret Meader, had the following exchange:

> Q: I'm going to refer back to Exhibit D-1 here briefly. It says, "When deputies attempted to take the offender Mr. Hayward into custody, he actively resisted arrest by first failing to comply with verbal commands, then struggling with deputies to not be handcuffed. Then subject actively kicked his legs out striking Deputy Ken Kelly in the chest and thigh area. Deputy Ken Kelly, it says here, used his taser X26 without prongs to gain compliance. Offender continued actively resisting attempting to reach up under the bed in the motel room."
>
> So you understood, when you were charged with this obstruction charge, that that was the conduct that constituted, you know, the charge?
>
> A: Yes, sir.
>
> Q: And you pled guilty to that; correct?
>
> A: To what?
>
> Q: To the obstruction charge.
>
> A: Oh, yes, sir
>
> . . . .
>
> Q: And you're aware that they contend that you, the offender, continued—and I'm just reading from D-1 again here. "Offender continued to resist and was capstunned by Corporal Trevin Moore who was again attempting to prevent the offender to get—or to prevent the offender to get up under the bed. Finally the offender was apprehended when Corporal Jason Garland struck the offender to the thigh area and back with an ASP baton in order to gain compliance." So you're aware of that?
>
> A: Yes, I'm aware of that.

Q: Okay.

A: I mean, I'm aware of—

Q: And that you pled guilty to that charge; correct?

A: I pled guilty to what charge?

Q: The obstruction.

A: Obstruction? Yes, sir.

(Doc. No. 38, pp. 38-39).[3]

If Plaintiff were successful in proving that the officers' use of force against him was unlawful in that it was not justified by Plaintiff's resistance to Defendant Martinez's attempts to arrest him, Plaintiff will have negated the facts supporting his convictions for obstruction and thus, his convictions for obstructing law enforcement officers during the lawful discharge of their duties. Cf. Cummings v. City of Akron, 418 F.3d 676 (6th Cir. 2005) (finding that Heck rule barred excessive force claim where plaintiff had been convicted of assault because successful excessive force claim would negate element of assault charge); Hudson v. Hughes, 98 F.3d 868 (5th Cir. 1996)[4] (holding plaintiff's claim barred by Heck where plaintiff convicted of battery alleged excessive force, which would imply self-defense justification and negate element of battery conviction). Plaintiff contends that allowing his excessive force claim to proceed would not invalidate his convictions for felony obstruction. However, to permit this would invalidate Plaintiff's convictions. Under Plaintiff's version of the facts, he never resisted or obstructed the

---

[3] Movants' counsel submitted excerpts of the transcript of Plaintiff's deposition, most notably pages 38 and 39 of the transcript. (Doc. No. 43-3, pp. 57-62).

[4] The Eleventh Circuit has disagreed with the Fifth Circuit's reasoning in Hudson. See Dyer v. Lee, 488 F.3d 876, 883 n.10 (11th Cir. 2007).

officers in any way, which is contradictory to the facts supporting Plaintiff's guilty plea and convictions for the obstruction charges. In addition, Plaintiff has not shown his convictions for obstruction have been invalidated.

The undersigned recognizes that there are instances in which the factual scenario presented in a section 1983 action for excessive use of force[5] would allow a plaintiff to survive a motion for summary judgment. However, the case before the Court does not present such a scenario. Plaintiff consistently maintains that he complied with officers' orders to place his hands over his head and to stop moving and that he did not resist the officers in any way. In contrast, Movants submitted affidavits which indicate Plaintiff resisted their efforts to execute the warrants against him at every step of the way. Accepting Plaintiff's version of events as true would invalidate his convictions for obstruction of law enforcement officers. This portion of Movants' Motion should be granted.

It is unnecessary to address the remaining grounds of Movants' Motion.

---

[5] An example of such a scenario is found in Dyer. In Dyer, the plaintiff had been handcuffed, and, while cuffed, she kicked an officer in the leg. The plaintiff was then placed in the back of a patrol car and at some point, had moved her cuffed hands to the front of her body due to an arm injury. The plaintiff was pulled out of the patrol car at that point, recuffed with her hands behind her body, and returned to the patrol car. 488 F.3d at 878. The plaintiff contended that the defendants used excessive force against her during the recuffing, including having sprayed her with pepper spray, and that she resisted during the recuffing by kicking the defendants. Id. The plaintiff pleaded no contest to a charge of resisting with violence. The Eleventh Circuit determined that the plaintiff's section 1983 lawsuit was not barred by Heck because the plaintiff's conviction and sentence for resisting with violence "would be able to stand based on [plaintiff's] initial kick." Id. at 882. Thus, permitting the plaintiff's § 1983 lawsuit to survive summary judgment "would not negate the underlying conviction." Id. at 883.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Movants' Motion for Summary Judgment be **GRANTED** and that Plaintiff's claims against Defendants Garland and Moore be **DISMISSED**. Plaintiff's Motion to Deny Movants' Motion for Summary Judgment should be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 12th day of June, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)