UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DANTE HAYWARD,

Plaintiff,

v.  607CV068

MIKE KILE, *Sheriff*; KEN KELLY;
MARTY MARTINEZ; KAT GRIFFIN;
JASON GARLAND; and TREVIN
MOORE,

Defendants.

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Reports and Recommendations ("R&R"), doc. ## 65, 67, to which no objections have been filed. However, the Court offers one clarification regarding the applicability of *Heck v. Humphrey*, 512 U.S. 477 (1994), as a bar to plaintiff's § 1983 excessive force claim.

The Court emphasizes that a plaintiff's § 1983 claims for excessive force are not *per se* barred by *Heck* any time he is convicted of obstructing a police officer or resisting arrest. To adopt such a rule would mean that "once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages.... This would open the door to undesirable behavior and gut a large share of the protections provided by § 1983." *Dyer v. Lee*, 488 F.3d 876, 884 (11th Cir. 2007) (quoting *VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006)).

*Heck* will only bar a plaintiff's § 1983 claim where "a successful § 1983 suit and the underlying conviction [would] be logically contradictory." *Id.* As each R&R recognizes, Hayward argues that the officers' force was excessive because "he never resisted or obstructed the officers in any way." Doc. # 67 at 9. In his Complaint, plaintiff alleges that he complied with all of the orders of the police officers and "remained docile and non-resisting throughout the entire assault." Doc. # 1 at 8-9. The factual basis for his claim, however, directly contradicts the plea of guilty he entered for "resist[ing], obstruct[ing], or oppos[ing] [a] law enforcement officer ... by offering or doing violence to the person of such officer...." O.C.G.A. § 16-10-24(b); Doc. # 43-3, exh. D (guilty plea).

In his Complaint, Hayward could have alleged that he did in fact obstruct a police officer, but that the police violated his constitutional rights by responding with unreasonable force. *See VanGilder*, 435 F.3d at 692 (finding that *Heck* did not bar an excessive force claim when plaintiff did not challenge the factual basis of conviction for resisting a law enforcement officer but rather alleged that he suffered unnecessary injuries because the officer's response to his resistance was not objectively reasonable). However, those are not the facts upon which Hayward bases his § 1983 claim. Rather, Hayward "voluntarily steered the action into *Heck* territory by making specific factual allegations in the complaint that were inconsistent with the facts upon which his criminal conviction[] [was] based." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Dyer*, 488 F.3d at 884 n.9). To allow Hayward to prove his version of events – that police officers used unreasonable force against a suspect who was docile and non-resistant – would directly undermine Hayward's conviction for obstructing a police officer, and is thus *Heck*-barred.

With that clarification, the Reports and Recommendations of the Magistrate Judge are *ADOPTED* as the opinions of the Court. Doc. ## 65, 67. The Motion for Summary Judgment filed by defendants Jason Garland and Trevin Moore is *GRANTED*. Doc. # 43. The Motion for Summary Judgment filed by

defendants Mike Kile, Ken Kelly, Marty Martinez, and Kat Griffin is also **_GRANTED_**. Doc. # 37. Plaintiff's Motions to Deny Movants' Motions for Summary Judgment are **_DENIED_**. Doc. ## 52, 53. The Clerk of the Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

This 13th day of July 2009.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA